# FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF MISSOURI

**LEE T. LAWLESS**
FEDERAL PUBLIC DEFENDER

1010 Market St.
Suite 200
St. Louis, MO 63101

**Diane L. Dragan**
ASSISTANT FEDERAL PUBLIC DEFENDER

(314) 241-1255
FAX: (314)-421-3177

September 4, 2014

Michael Gans, Clerk of Court
United States Court of Appeals
111 South 10th Street, 24th Floor
St. Louis, MO 63102

Re: *United States v. Fred Robinson*, No. 13-3253, Fed. R. App. P. 28(j)

Dear Clerk Gans:

Appellant writes to note an intervening case concerning warrantless GPS tracking prior to *United States v. Jones*, 132 S.Ct. 945 (2012). The case bolsters his contention that no binding authority existed to support a good faith belief in the validity of prolonged GPS surveillance in his case.

In *United States v. Stephens*, 2014 WL 4069336 (4th Cir. Aug. 19, 2014), a divided Fourth Circuit panel upheld a Baltimore Police Officer's warrantless use of GPS tracking. Officers intended to find and search Stephens's car based on information that he carried a gun at night. *Id*. at *1-*2. Two panel members reasoned the police could believe in good faith the tactic to be valid, citing the "not exactly on point" precedent of *United States v. Knotts*, 460 U.S. 276 (1983). Police in *Knotts* put a beeper in a chloroform container prior to its sale and then tracked the buyer to a cabin which they searched pursuant to a warrant three days later. The panel reasoned that a "significant body" of federal law existed in other circuits citing *Knotts* to find GPS tracking outside the Fourth Amendment's scope (only one of the five cases cited existed before January 10, 2010 when police put the GPS on Robinson's car).

Michael Gans, Clerk of Court
August 26, 2014
Page 2

Finally, and critically, the *Stephens* majority held that the Baltimore officer could rely on Maryland state caselaw, which had already designated GPS tracking outside the Fourth Amendment. *Id.* at *8.

*Stephens* highlights the lack of a good faith basis for the prolonged GPS tracking of Robinson. First, this Court already applies a strict requirement that the good faith exception requires that "officers performing a particular investigatory action – such as GPS tracking – must strictly comply with 'binding' appellate precedent governing the jurisdiction in which they are acting." *United States v. Barraza-Maldonado*, 732 F.3d 865, 867 (8th Cir. 2013). No binding appellate precedent existed in this Circuit nor did Missouri case law uphold warrantless GPS tracking prior to its placement in this case. Consistent with this Court's caselaw, the district court here found *Knotts* did not authorize the prolonged GPS tracking of appellant, DCD#227, at 23).

Respectfully submitted,

*/s/Diane L. Dragan*
Diane L. Dragan
Assistant Federal Public Defender

and

*/s/Felicia Jones*
Felicia Jones
Assistant Federal Public Defender
1010 Market, Suite 200
Saint Louis, MO 63101

The body of this letter does not exceed 350 words and a copy has been served on all counsel for respondent by filing through this Court's CEJ filing system.