# FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF MISSOURI

**LEE T. LAWLESS**
FEDERAL PUBLIC DEFENDER

1010 Market St.
Suite 200
St. Louis, MO 63101

**Diane L. Dragan**
ASSISTANT FEDERAL PUBLIC DEFENDER

(314) 241-1255
FAX: (314)-421-3177

Michael Gans, Clerk of Court
United States Court of Appeals
111 South 10th Street, 24th Floor
St. Louis, MO 63102

November 12, 2014

Re: *United States v. Fred Robinson*, No. 13-3253, Fed. R. App. P. 28(j)
Appellant's response re divided *en banc* ruling in *U.S. v. Katzin*

Dear Clerk Gans:

This letter addresses *United States v. Katzin,* 2014 WL 4851779 (3rd Cir., October 1, 2014). The majority found a basis for the good faith exception in Katzin's brief GPS-tracking prior to *United States v. Jones*, 132 S.Ct. 945 (2012). *Katzin* addressed the materially different facts that agents GPS-tracked Katzin for only two days – so brief that it manifested "nearly identical conduct to that authorized in" *United States v. Knotts*, 460 U.S. 276 (1983) (beeper in chloroform container used to obtain search warrant three days later). *Katzin* at *8.

*Katzin* distinguished the one Circuit Court of Appeals case rejecting warrantless GPS-tracking before *Jones* on grounds that it "involved surveillance of far greater duration," for four weeks. *Katzin* at *12, *citing US v. Maynard,* 615 F.3d 544 (D.C.Cir.2010). *Katzin* would distinguish the nearly *two-month* tracking of Robinson and affirm the District Court's rejection of good faith here. *Katzin* conflicts with this Court's rule that the good faith exception requires "controlling circuit precedent."*United States v. Barraza-Maldonado*, 732 F.3d 865 (8th Cir. 2013).

*Katzin*'s alternative position that out-of-circuit rulings upheld GPS tracking is also distinguishable. The single Eighth Circuit case post-dated Robinson's tracking and found a lack of standing, *United States v. Marquez*, 605 F.3d 604 (8th Cir. 2010). *Marquez* cautioned that randomly generating voluminous GPS-data to ferret "suspicious patterns of activity" raises different concerns absent in tracking a vehicle reasonably suspected to contain drugs for "reasonable period[s]." *Id.,* at 610. The other GPS cases involved suspects against whom authorities already had abundant proof and questioned using prolonged GPS-tracking to find "patterns of suspicious behavior" from which to launch investigations. *United States v. Garcia*, 474 F.3d 994, 998 (7th Cir. 2007); *United States v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir. 1999). Extensive investigation and a previous arrest preceeded the use of GPS to track Katzin to another burglary. *Katzin* at *2, *8, *16. Robinson alleges the danger of "deliberate" evasion of warrants by law enforcement through warrantless GPS-tracking based on uncorroborated and self-interested complaints.

*Katzin* dissenters warned that the majority articulated no cognizable neutral limit on warrantless and novel technological surveillance.

Respectfully submitted,

*/s/Diane L. Dragan*
Diane L. Dragan
Assistant Federal Public Defender

and

*/s/Felicia Jones*
Felicia Jones
Assistant Federal Public Defender
1010 Market, Suite 200
Saint Louis, MO 63101

The body of this letter does not exceed 350 words and a copy has been served on all counsel for respondent by filing through this Court's CEJ filing system.